In re 18TH AVENUE DEVELOPMENT CORP., Debtor.

Verne L. FREELAND, attorney, ex rel. FHA CORPORATION, Plaintiff,

v.

UNITED STATES of America, Defendant.

Bankruptcy No. 79–01230–BKC–SMW. Adv. No. 81–0024–BKC–SMW–A.

United States Bankruptcy Court, S. D. Florida.

May 11, 1981.

Fred. J. Ward, Hallendale, Fla., for defendant.

Martin L. Sandler, Miami, Fla., for plaintiff.

Robert Schatzman, Miami, Fla., for debtor.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

SIDNEY M. WEAVER, Bankruptcy Judge.

This Cause came on to be heard upon the petitioner's Complaint to Determine Validity, Priority and Extent of Attorney's Lien. The Court, having heard the argument of counsel, having reviewed all pleadings and memoranda, and having been fully advised in the premises, does hereby make the following findings of fact and conclusions of law.

On September 7, 1979, the FHA Corporation (FHA), a mechanic's lien creditor, recovered from 18th Avenue Development Corporation (debtor) the sum of $25,896.04 in the Dade County Circuit Court. Of this judgment, the attorney for FHA, who is the plaintiff herein, recovered $3,500.00 as attorney's fees and $57.50 as costs.

On October 5, 1979, an involuntary petition under Chapter 7 of the Bankruptcy Code was filed against the debtor. The debtor converted the case to a Chapter 11 proceeding and an Order for Relief was entered on November 19, 1979. Subsequently, a claim of FHA in the amount of $25,897.72 with interest to June 30, 1980 was allowed against the debtor in a separate adversary proceeding in this Court.

The United States served a notice of levy upon William D. Seidle, the trustee in this bankruptcy estate, claiming a federal tax lien priority upon any amounts due FHA to the extent of $21,802.12, plus penalties and interest to the date of payment. As a result of the service of this notice of levy upon the trustee, the attorney for the trustee notified the plaintiff that any distribution of funds from these bankruptcy proceedings would be paid to the United States to the extent of $21,802.12, plus penalties and interest.

The plaintiff has filed this adversary proceeding seeking an attorney's lien against FHA, superior to the tax lien of the United States, for services previously rendered and to be rendered on behalf of FHA in both the state and bankruptcy courts together with costs and interest.

The United States has admitted that the plaintiff is entitled to a priority position over the federal tax lien to the extent of the $3,500.00 plus costs which were awarded in the State court. However, the United States disputes the plaintiff's position that (1) the compensation for the services rendered by the plaintiff in the Bankruptcy Court is entitled to priority over the United States tax liens and (2) that the plaintiff is entitled to interest upon his charging lien superior to the tax lien of the United States.

The plaintiff seeks comfort in Title 26 U.S.C. Section 6323(b)(8) in asserting his superpriority status over the United States. While this provision grants the plaintiff a priority for his $3,500.00 fee awarded in the state court, the Court finds that the statute is inapplicable to the balance of his claim.

Title 26 U.S.C. Section 6323(b)(8) reads as follows:

Section 6323. Validity and priority against certain persons.

(b) Protection for certain interests even though notice filed. Even though notice of a lien imposed by Section 6321 has been filed, such lien shall not be valid—

(8) Attorney's liens. With respect to a judgment or other amount in settlement of a claim or of a cause of action, as against an attorney who, under local law, holds a lien upon or a contract enforcible against such judgment or amount, to the extent of his reasonable compensation for *obtaining such judgment* or procuring such settlement, except that this paragraph shall not apply to any judgment or amount in settlement of a claim or of a cause of action against the United States to the extent that the United States offsets such judgment or amount against any liability of the taxpayer to the United States. (Emphasis supplied)

This statute therefore presents one issue for consideration, namely, the application of "obtaining such judgment" to the facts of this case.

With respect to obtaining a judgment, the Court finds that the plaintiff's representation of FHA in the adversary proceeding in this Court was not for *obtaining a judgment*, but rather was for collecting or enforcing a judgment. This distinction finds support in Section 6323 itself (compare Section 6323(b)(8) with Section (e)(3)). The Court considers the language of "obtaining such judgment" to include only these services which were rendered in the prior state court action. Indeed, if the Court were to hold otherwise, an attorney could, with each successful defense of a judgment, continuously deplete the levied fund. Such a depletion is not intended by this statute.

The remaining issue presented to this Court for determination is whether the plaintiff should be allowed interest upon that part of the judgment upon which the plaintiff has a lien.

The Court is aware that Title 26 U.S.C. Section 6323(e)(1) does contain a provision which could grant the plaintiff priority for interest on his lien. However, the Court finds that the said provision is not applicable in the instant case, as the statute requires that the interest have, under local law, the same priority as the charging lien. While the Court has been unable to locate any case law on this point, there is authority that interest should not be included as a part of the charging lien, *4 Fla.Jur.2d, Attorneys at Law Section 160*, and should not be accorded the same priority as the charging lien itself, *4 Fla.Jur.2d, Attorneys at Law Section 162*. In summary, the plaintiff is not entitled to interest on his charging lien.

In accordance with the foregoing, the Court finds that the plaintiff is entitled to a priority over the tax lien of the United States to the extent of the $3,500.00 fee awarded plus costs in the amount of $57.50 together with interest to June 3, 1980 as ' reflected in the judgment previously obtained.

A judgment will be entered in accordance with these findings and conclusions.